IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTONIO L. WILLIAMS, | ) | No. 08-cv-00156-SPK |
| Plaintiff, | ) | |
| v. | ) | |
| N. ALBONICO, ET AL., | ) | |
| Defendants. | ) | |

<u>ORDER DENYING MOTION TO REFILE COMPLAINT, AND REQUIRING PAYMENT OF FILING FEE</u>

This is a pro se prisoner civil rights action. The case was transferred from the Northern District of California on January 17, 2008. The transfer order revoked the prior grant of leave to proceed in forma pauperis (IFP), based upon the Plaintiff having at least three prior strikes under 28 U.S.C. § 1915(g). (A preliminary review indicates approximately 20 prior actions by Plaintiff that were dismissed in the Northern District of California alone.) The transfer order also did not rule on a pending "Motion to Refile Complaint Under Imminent Harm Danger Due to Judge Error Abuse Discretion of Dismissal [etc.]," ("Motion to Refile") which was filed in the Northern District in the prior case of Civ. No. 07-06419 (N.D. Cal.). The Motion to Refile seeks leave to proceed IFP under the last clause

of section 1915(g).[1] The case was subsequently re-assigned to this Court in January of 2009.

The Court has now reviewed the filings in this action and in the prior action in the Northern District of California. In particular, the Court has reviewed the Motion to Refile and concludes that Plaintiff has not met the requirements to proceed under the "imminent harm" exception. The original complaint in this action indicates that the relief sought arises from actions that primarily occurred in 2002 based upon an FBI complaint and an injury to his shoulder in 2002. Plaintiff alleges that he was wrongfully assaulted in 2002 while in the custody of Defendants. At some point, he lodged a complaint to President Bush and received a letter from the Department of Justice indicating an investigation was being conducted.[2] In 2006, it was confirmed that he had dislocated his shoulder. He alleges a conspiracy to interfere with surgical orders to repair his dislocated shoulder. He further alleges persons "politically interfered" with his right to be medically treated. He further alleges generally that in 2007, based upon a bone

---

[1] It provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, <u>unless the prisoner is under imminent danger of serious physical injury</u>.

28 U.S.C. § 1915(g) (emphasis added).

[2] There appears to be an unrelated prior FOIA 2004 complaint arising from corruption allegations in 2000 against John Ashcroft, which was the subject of Civ. No. 04-1329 (N.D. Cal.). That case was dismissed in 2005, although Plaintiff's Motion to Refile is apparently based in part on the prior case. If any relief here is sought based upon the prior dismissal, it also does not demonstrate "imminent harm" for purposes of section 1915(g).

1  scan, his shoulder needs treatment.  He seeks injunctive and monetary relief.[3]

2  The complaint does not make plausible allegations that Plaintiff was under
3  "imminent danger of serious physical injury" when the complaint was filed in
4  December of 2007, nor that any such imminent danger is ongoing.  See Andrews v.
5  Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  The alleged wrongful assault
6  occurred long ago and deprivations are based upon an injury that occurred in 2002.

7  The Motion to Refile [doc. 3 in the prior action from the Northern District of
8  California (07-cv-06419)] is DENIED.  Because the complaint fails to meet the
9  standard necessary under section 1915(g), Plaintiff must pay the $350 filing fee in
10 full before this case may proceed.  Plaintiff is given 30 days within which to pay
11 the full fee or the case will be dismissed without prejudice.

12 IT IS SO ORDERED.

13 DATED:  April 24, 2009.

_____
Samuel P. King
Senior United States District Judge

---

[3] The case's allegations appear similar to Williams v. Albonico et al., Civ. No. 07-0932 GEB (E.D. Cal.), in which Plaintiff's IFP application was also denied based upon a failure to show imminent danger.

3